UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br>Petitioner,<br>v.<br>PATRICK COVELLO,<br>Respondent. | Case No. 22-cv-00882-WHO (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

The amended petition is dismissed with leave to file an amended petition by **December 1, 2023** because petitioner Antoine Deshawn Barnes has failed to adhere to my instructions. In the Order to Show Cause, I found cognizable two claims: (1) illegal sentencing enhancements were imposed; and (2) under new laws he is entitled to resentencing. (OSC, Dkt. No. 9 at 2.) In response to the OSC, respondent filed a motion to dismiss because claims under the state statutes Barnes cited are state law claims, and therefore are not cognizable on federal habeas review. (Dkt. No. 10.) I granted the motion and dismissed the petition with leave to file an amended petition. (Dkt. No. 11.)

In the dismissal order, I reminded Barnes that because he entered into a plea agreement and because his sentencing claims were dismissed, the only claims he can raise are that (1) his "'counsel's representation fell below an objective standard of reasonableness,'" and (2) "'there is a reasonable probability that, but for [his] counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57).[1]  (*Id.* at 5.)  He was also informed of two difficulties.  Any claims he raises might be untimely, and that if he could establish that they are timely, he would have to exhaust the above claims in state court before they could proceed here in federal court.  (*Id.*)  He was also informed that if he wishes to exhaust his claims, he should include with his amended petition a motion to stay the pending federal action so that he can exhaust his claims in state court.  (*Id.*)  In order to qualify for a stay, he must also show good cause for why this claim was not previously exhausted and that it is "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005).  (*Id.*)

Rather than follow these instructions, Barnes has filed an amended petition that is difficult to read and understand, but which appears to raise claims regarding discovery motions, the district attorney, and a conflict of interest, none of which are cognizable.  (Am. Pet., Dkt. No. 12 at 5.)

The amended petition is DISMISSED with leave to amend.  On or before **December 1, 2023**, Barnes must file an amended petition that complies with my instructions.  He can raise only the two claims mentioned above, and, if these claims are unexhausted, he must file a motion to stay federal proceedings so that he can exhaust his claims in state court.  The issue of timeliness can be addressed after the claims are exhausted.  The amended petition must include the caption and civil case number used in this order (22-00882 WHO (PR)) and the words SECOND AMENDED PETITION must appear on the first page.  <u>The petition must appear on this Court's form.</u>  The amended petition will completely replace any previous petition.

---

[1] Through a claim that counsel was not competent, a defendant can raise a claim that his plea was not knowing and voluntary. *Tollett*, 411 U.S. at 267.  A plea is "involuntary" if it is the product of threats, improper promises, or other forms of wrongful coercion, *Brady v. United States*, 397 U.S. 742, 754-55 (1970), and is "unintelligent" if the defendant is without the information necessary to assess intelligently "the advantages and disadvantages of a trial as compared with those attending a plea of guilty," *id.* at 755.

2

1    <u>Failure to file a proper amended petition by December 1, 2023 likely will result in
2    the dismissal of this habeas action under Federal Rule of Civil Procedure 41(b) for failure
3    to prosecute</u>.

**IT IS SO ORDERED.**

Dated:  October 17, 2023



WILLIAM H. ORRICK
United States District Judge

3